IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-01472-PAB-MJW

THERESA M. NEILL,
MARGARET SANTOS,
MARIE CRUTCHFIELD,
SHELDA CRUTCHFIELD,
MAUREEN K. EDWARDS, and
ANTHONY LOPEZ,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
TRACY D. HUIRAS,
THE GENE HOOD AGENCY, INC., and
GENE HOOD,

    Defendants.
_____

## ORDER REMANDING CASE TO STATE COURT
_____

This matter is before the Court on plaintiffs' Motion to Remand to State Court [Docket No. 11].  The motion is fully briefed and ripe for review.  For the reasons discussed below, I conclude that the Court lacks subject matter jurisdiction and, therefore, the motion to remand must be granted.

Plaintiffs commenced this action in the Boulder County District Court on June 12, 2008.  Defendants American Family Mutual Insurance Company ("American Family") and Tracy D. Huiras ("Huiras") joined in a notice of removal on July 14, 2008, putatively invoking the Court's jurisdiction under 28 U.S.C. § 1332.  Plaintiffs timely moved to remand the case to state court pursuant to 28 U.S.C. § 1447, arguing that complete

diversity of citizenship is lacking and that the amount in controversy does not exceed $75,000. Because I find the latter issue dispositive, I do not address the former.

In addition to diversity of citizenship, jurisdiction pursuant to 28 U.S.C. § 1332 requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). Here, the complaint does not claim damages in a sum certain. I therefore look to the notice of removal to determine if defendants American Family and Huiras have "affirmatively established" the amount in controversy. *Laughlin*, 50 F.3d at 873. My inquiry is guided by the principle that "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.* at 1289-90.

To establish the requisite amount in controversy, the removing defendants argue that: (1) the Civil Cover Sheet filed in state court asserts that "[t]his party is seeking a monetary judgment for more than $100,000.00 against another party;" (2) the plaintiffs seek treble damages and attorney fees; and (3) noneconomic damages potentially available to plaintiffs are capped at an amount in excess of the jurisdictional minimum. American Family and Huiras also cite *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005), for the proposition that they need only demonstrate that the amount in controversy requirement is satisfied as to one plaintiff, rather than for each. After careful review of the removing defendants' arguments, I conclude defendants fall

short of their burden to "prove jurisdictional facts by a preponderance of the evidence such that the amount in controversy may exceed $75,000." *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008) (internal quotation marks omitted).

As American Family and Huiras acknowledge, a number of judges in this district have held that a plaintiff's representation in the Civil Cover Sheet is insufficient to satisfy the amount in controversy requirement. Indeed, a majority of my colleagues have rejected the practice of relying on the Civil Cover Sheet to establish an amount in controversy exceeding $75,000. *See*, *e.g.*, *Krein v. American Family Mut. Ins. Co.*, No. 08-cv-01496-MSK-KLM, 2008 WL 4879174, *1 (D. Colo. Nov. 7, 2008) (Krieger, J.); *Hill v. American Family Mut. Ins. Co.*, No. 08-cv-01447-REB-KLM, 2008 WL 4533661, *2 (D. Colo. Oct. 3, 2008) (Blackburn, J.); *Humphreys v. American Family Mut. Ins. Co.*, No. 08-cv-01299-WYD-CBS, 2008 WL 2787344, *2 (D. Colo. July 15, 2008) (Daniel, J.); *Braden v. Kmart Corp.*, No. 07-cv-01727-LTB, 2007 WL 2757628, *2 (D. Colo. Sept. 20, 2007) (Babcock, J.); *Ralph v. SNE Enterprises, Inc.*, No. 07-cv-01163-WDM-MJW, 2007 WL 1810534, *1 (D. Colo. June 22, 2007) (Miller, J.); *Harding v. Sentinel Insurance Co., Ltd.*, 490 F. Supp. 2d 1134, 1135-36 (D. Colo. 2007) (Kane, J.). As explained by Judge Krieger in *Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1215 (D. Colo. 2007), the Civil Cover Sheet is not reliable evidence of the amount in controversy because it lacks certification of counsel pursuant to Fed. R. Civ. P. 11 or C.R.C.P. 11 and offers the Court no basis on which to discern whether the plaintiff seeks damages that are recoverable under applicable law. The rationale set forth in *Baker* is equally applicable here, and I join in holding that defendants may not satisfy

their burden to demonstrate the amount in controversy merely by reference to the Civil Cover Sheet.

As with their reliance on the Civil Cover Sheet, the removing defendants' remaining arguments do not offer any substantive facts that suggest more than $75,000 is at issue in this lawsuit. American Family and Huiras cite plaintiffs' claim for treble the amount of insurance benefits not paid, but offer no estimate of the damages attributable to any of the plaintiffs' claims. Notice of Removal ¶ 23. Defendants posit that the Court must consider attorney fees that plaintiffs could recover if they prevail on their statutory breach of insurance contract claims; however, defendants admit that "the amount of attorney fees cannot yet be determined." *Id.* ¶ 24. The fact that Colorado law caps damages for noneconomic injuries at an amount well above the jurisdictional minimum similarly sheds no light on the likely value of any of the plaintiffs' claims. *See id.* ¶ 25.

Neither defendant presents to the Court affidavits, admissions, interrogatory responses, or other sources of information to provide a factual basis suggesting that the amount in controversy requirement is satisfied. *See McPhail*, 529 F.3d at 954, 956 (discussing documentation that may be proffered to demonstrate the amount in controversy). Without some factual basis or duly-informed estimate, the Court declines to speculate as to the value of the plaintiffs' claims.

Lastly, I find American Family's and Huiras' citation of *Exxon Mobile Corp. v. Allapattah Services* unavailing. In that case, the Supreme Court held that in a class action case where the court has original jurisdiction over at least one class member's

4

claim, it may exercise supplemental jurisdiction over all other class members' claims that are part of the same case or controversy, notwithstanding whether such claims satisfy the amount in controversy requirement. *Allapattah*, 545 U.S. at 559. This is not a class action. Rather, this case is governed by "the well established principle that each plaintiff . . . must individually satisfy the amount in controversy requirement." *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006). Even assuming, *arguendo*, that the doctrine of *Exxon Mobile Corp. v. Allapattah* applied, the removing defendants' conclusory allegations cannot demonstrate that any one of plaintiffs' claims in this action exceed $75,000.

Ultimately, American Family and Huiras offer only their assertions that the matter in controversy exceeds $75,000 for at least one plaintiff. That is not enough to overcome the "presumption against removal jurisdiction." *Laughlin*, 50 F.3d at 873; *see also Harding*, 490 F. Supp. 2d at 1135 (D. Colo. 2007) ("A defendant's assertion, with nothing more, that the matter in controversy exceeds $75,000 is insufficient to establish removal jurisdiction.").

For the foregoing reasons, it is

**ORDERED** that the motion to remand [Docket No. 11] is GRANTED. It is further

**ORDERED** that defendant Huiras' Motion to Dismiss [Docket No. 10] is DENIED as moot. It is further

**ORDERED** that defendants The Gene Hood Agency, Inc.'s and Gene Hood's Motion to Dismiss [Docket No. 21] is DENIED as moot. It is further

**ORDERED** that this case is REMANDED to the District Court, Boulder County,

Colorado, where it was originally filed as Case No. 2008CV609, Division 2.

DATED January 16, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge